IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS EPPERSON, | No. 2:22-CV-0744-TLN-DMC |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES, et al., | |
| Defendants. | |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B). Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), the Court must dismiss an action if it is determined that it lacks subject matter jurisdiction. Because Plaintiff has been granted leave to proceed in forma pauperis, the Court will screen the complaint pursuant to § 1915(e)(2). Pursuant to Rule 12(h)(3), the Court will also consider as a threshold matter whether it has subject-matter jurisdiction.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the United States, John F. Kennedy, Theodore Roosevelt, Ben Franklin, and Benjamin Harrison as Defendants. See ECF No. 1, pgs. 1-3. In his complaint, Plaintiff claims that Defendants "defrauded [the] State [of] Washington" and as relief sought, states "[t]hey don't even like you messing with their powers." Id., pgs. 5-6. Plaintiff bases his complaint on federal question, citing at issue the War National Defense, United States Bank, and Chemical Weapons Convention. See id., pg. 4.

## II. DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). However, in order to survive dismissal for failure to state a claim, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level" and "enough facts to state a claim to relief that is plausible on its face." Id. at 555-56, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). When applied to a complaint, the term "frivolous" embraces both the inarguable legal conclusion and the fanciful factual allegation. See Neitzke, 490 U.S. at 325. The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Id. at 327. The court need not accept the allegations in the complaint as true, but must determine whether they are fanciful, fantastic, or delusional. See Denson v Hernandez, 504 U.S. 25, 33 (1992) (quoting Neitzke, 490 U.S. at 328).

///

Plaintiff's complaint must be dismissed as patently frivolous.  Here, Plaintiff's complaint is unintelligible and contains no credible claim for relief.  Plaintiff's allegations that Defendants – none of whom are currently alive – defrauded the State of Washington are fantastic, fanciful, and delusional.  There is simply no arguable basis in law and fact for which relief can be granted.

### III.  CONCLUSION

Based on the foregoing, as there appears to be no circumstances under which Plaintiff can plausibly state a claim, the undersigned recommends this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 18, 2022

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE